# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

GREGORY MARQUE HILLIE                                                               PLAINTIFF

V.                                                            NO. 4:17-CV-69-DMB-DAS

SHERIFF KELVIN WILLIAMS, et al.                                    DEFENDANTS

## ORDER

This civil rights action is before the Court on Gregory Marque Hillie's motion for reconsideration of this Court's November 3, 2017, order adopting United States Magistrate Judge David A. Sanders' August 11, 2017, Report and Recommendation. Doc. #37.

## I
## Procedural History

On or about May 24, 2017, Gregory Marque Hillie, an inmate at Bolivar County Regional Correctional Facility, filed a pro se complaint in this Court against "Sheriff Kelvin William," "Government Phil Bryant" and the "Federal Government." Doc. #1. On August 11, 2017, following a *Spears* hearing, United Stated Magistrate Judge David A. Sanders issued a Report and Recommendation construing Hillie's complaint as requesting that criminal charges be instituted against the defendants and asserting claims sounding under § 1983, the Hate Crimes Prevention Act ("HCPA"), and the Americans with Disabilities Act ("ADA"). Doc. #14. The Report and Recommendation recommended that (1) the Federal Government and Bryant be dismissed; (2) the HCPA claim be dismissed; (3) the § 1983 claim be dismissed to the extent it is premised on an alleged violation of the right to speedy trial; (4) the request to procure criminal charges be dismissed; (5) the ADA individual capacity claim against Williams be dismissed; and (6) process issue against Williams on Hillie's remaining claims.

On November 3, 2017, this Court adopted the Report and Recommendation. Doc. #35. Approximately one week later, Hillie filed a "Motion Comparison," which is in substance a motion for reconsideration of the Court's November 3 order. Doc. #37.

## II
## Analysis

As a general rule, requests for reconsideration of interlocutory orders, such as the one at issue here, are properly treated as motions for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F.Supp.2d 538, 538 n.1 (E.D. Tex. 2007) ("Alpha's motion was improperly filed under [Rule] 59(e) because no final judgment has been entered. However, it is undisputed that the court has discretion to treat the motion as one for reconsideration under [Rule] 54(b).").

> Although the source of the court's authority to revise or amend an order or judgment is different for interlocutory orders than for final orders or judgments, many of the same policy considerations apply both to motions for reconsideration under Rule 54(b) and to motions for reconsideration under Rule 59(e). Accordingly, district courts … frequently apply the same standards to the two.

*eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F.Supp.2d 745, 748 (E.D. Tex. 2012) (collecting cases).

> Under Fifth Circuit jurisprudence:
>
> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (internal citations omitted). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise

2

arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.* Additionally, "a trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient, even in the absence of new evidence or an intervening change or in clarification of the new law." *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 677 F.3d 720, 727–28 (5th Cir. 2012).

Hillie's motion for reconsideration is a single paragraph and, beyond conclusory assertions of error, offers absolutely no argument as to why reconsideration is warranted. Accordingly, the motion [37] is **DENIED**.

**SO ORDERED**, this 3rd day of January, 2018.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**