IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY MARQUE HILLIE                                                            PLAINTIFF

V.                                                                  NO. 4:17-CV-69-DMB-DAS

SHERIFF KELVIN WILLIAMS, et al.                                               DEFENDANTS

**ORDER**

This civil rights action is before the Court on Sheriff Kelvin Williams' motion for summary judgment, Doc. #46; and Gregory Marque Hillie's motion for voluntary dismissal, Doc. #49.

**I**
**Procedural History**

On or about May 24, 2017, Gregory Marque Hillie, an inmate at Bolivar County Regional Correctional Facility, filed a pro se complaint in this Court against "Sheriff Kelvin William," "Government Phil Bryant" and the "Federal Government." Doc. #1. On August 11, 2017, following a *Spears* hearing, United States Magistrate Judge David A. Sanders issued a Report and Recommendation construing Hillie's complaint as requesting that criminal charges be instituted against the defendants and asserting claims sounding under § 1983, the Hate Crimes Prevention Act ("HCPA"), and the Americans with Disabilities Act ("ADA"). Doc. #14. The Report and Recommendation recommended that (1) the Federal Government and Bryant be dismissed; (2) the HCPA claim be dismissed; (3) the § 1983 claim be dismissed to the extent it is premised on an alleged violation of the right to speedy trial; (4) the request to procure criminal charges be dismissed; (5) the ADA individual capacity claim against Williams be dismissed; and (6) process issue against Williams on Hillie's remaining claims. *Id*. at 4. On November 3, 2017, this Court adopted the Report and Recommendation. Doc. #35.

On February 1, 2018, Williams filed a motion seeking summary judgment as to Hillie's denial of medical care claim based on alleged denials of physical therapy and pain management. Doc. #46. Hillie did not respond to the motion for summary judgment. However, on or about February 9, 2018, Hillie filed a document captioned "Motion Comparison," which is in substance a motion for voluntary dismissal of the medical care claim. Doc. #49.

## II
## Motion for Voluntary Dismissal

Hillie's motion for voluntary dismissal states in full: "Goorgia and United States of America Consitutions Amendments bills of rights Dismis da physcial therapy and pain specialy from lawsuit with your permission." Doc. #49.

Where, as here, a plaintiff fails to specify whether a requested voluntary dismissal is with or without prejudice, "the matter is left to the discretion of the lower court." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005); *Dodge–Regupol, Inc. v. RB Rubber Prods., Inc.*, 585 F.Supp.2d 645, 652 (M.D. Pa. 2008). In exercising this discretion, a court should consider: "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal." *Williams*, 227 F.R.D. at 540 (alterations omitted); *see also Cooke v. Meritor, Inc.*, No. 4:16-cv-54, 2018 WL 2223324, at *1 (N.D. Miss. May 15, 2018) (to determine whether defendant would suffer plain legal prejudice from voluntary dismissal, court must consider "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.").

Here, this case has been pending for more than a year. Discovery is complete, and the defendants have filed a motion for summary judgment. Furthermore, Hillie has offered no reason for the requested dismissal. Under these circumstances, a dismissal without prejudice is clearly inappropriate. However, in light of Hillie's pro se status, the Court declines to construe his motion as seeking dismissal with prejudice. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 322 n.3 (5th Cir. 2009) (courts must "construe *pro se* filings liberally"). Accordingly, the Court, in the exercise of its discretion, denies Hillie's motion for voluntary dismissal of his medical care claim.

### III
### Motion for Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is proper only when the record demonstrates that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Luv N' Care Ltd. v. Groupo Rimar*, 844 F.3d 442, 447 (5th Cir. 2016). "A factual issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party, and material if its resolution could affect the outcome of the action." *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 226 (5th Cir. 2015) (quotation marks omitted). On a motion for summary judgment, a court must "consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor." *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016).

In seeking summary judgment, "[t]he moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quotation marks and alterations omitted). If the moving party satisfies this burden, "the non-moving party must go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and

admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks omitted). "Where the nonmoving party bears the burden of proof at trial, the moving party satisfies this initial burden by demonstrating an absence of evidence to support the nonmoving party's case." *Celtic Marine Corp. v. James C. Justice Cos., Inc.*, 760 F.3d 477, 481 (5th Cir. 2014).

## IV
## Factual Background

Hillie is a pretrial detainee who has been housed at the Bolivar County Sheriff's Department jail since August 10, 2015. Doc. #46-1 at 5–6. Due to a gunshot wound he suffered in 1990 or 1991, Hillie is paraplegic confined to a wheelchair. *Id.* at 8–9.

At the jail, Hillie was initially confined to medication isolation. *Id.* at 12–14. At some point, Hillie asked Nurse Gale Haywood for a transfer to the jail's general population, and his request was granted. *Id.* at 12–15. Hillie's medical requests are handled by a nurse at the jail. *Id.* at 23. Hillie has no complaints regarding the nurse's provision of care. *Id.*

As needed, Hillie is transported to see two private physicians at Bolivar County Hospital. *Id.* at 19. These physicians have refused to prescribe Hillie physical therapy or painkillers sufficient to manage his pain. *Id.* at 20–21.

## V
## Analysis

Although his complaint contains only a general allegation of denial of medical care, *see* Doc. #1, Hillie testified that he believes he has been denied medical care due to the private physicians' refusal to prescribe physical therapy and adequate painkillers. In his deposition, Hillie contends that Williams should have sent him to a different doctor willing to provide Hillie's requested treatments. Williams argues he is entitled to summary judgment because Hillie was not

denied adequate medical care, and even if he had been denied such treatment, this denial was not caused by any deliberate indifference on the part of Williams. *See* Doc. #47 at 3–4. Williams also raises the defense of qualified immunity. *Id*. at 4.

Once a defendant has asserted a qualified immunity defense, the burden shifts to the plaintiff to show such immunity does not apply. *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). When qualified immunity is raised at the summary judgment stage, courts engage in a two-step inquiry. *Id*. First, the Court asks, "[t]aken in the light most favorable to the party asserting the injury, do the facts show the officer's conduct violated a constitutional right." *Id*. (alteration omitted). Second, the court asks "whether the right in question was clearly established at the time of violation." *Id*. (quotation marks omitted)

"The constitutional right of a pretrial detainee to medical care arises from the due process guarantees of the Fourteenth Amendment." *Mace v. City of Palestine*, 333 F.3d 621, 625 (5th Cir. 2003). This "right is violated if an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." *Id*. In this regard, the Fifth Circuit has explained:

> An official is not liable for deliberate indifference unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. To meet his burden, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.

*Brauner v. Coody*, 793 F.3d 493, 498 (5th Cir. 2015) (quotation marks and citations omitted).[1] Of relevance here, "[d]isagreement with medical treatment alone cannot support a claim under § 1983." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001).

---

[1] *Brauner* concerned a claim based on the Eighth Amendment's prohibition of cruel and unusual punishment. However, "there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

Here, there is simply no evidence anyone acted with deliberate indifference to Hillie's medical needs. Hillie simply alleges that he felt he needed physical therapy and stronger pain medication. These simple disagreements are insufficient to show a constitutional deprivation. *See Brauner*, 793 F.3d at 499 ("Brauner argues that he required more than mere over-the-counter medication to abate his pain. Besides the fact that he *received* more than mere over-the-counter medication … these are classic examples of a matter for medical judgment.") (alterations and quotation marks omitted); *see also Hudson v. Dart*, No. 10-c-8253, 2011 WL 494375, at *3 (N.D. Ill. Feb. 7, 2011) ("Plaintiff's speculations that he needed … physical therapy are not enough to state [a] claim of deliberate indifference."); *Smith v. Jackson*, No. 5:10–CV–41, 2011 WL 843040, at *2 (M.D. Ga. Jan. 20, 2011) ("[T]he instant claim consists of nothing more than a difference of opinion between Plaintiff … and … Dr. Jackson over whether or not his participation in physical therapy is medically necessary. Consequently, … the Plaintiff's allegations concerning the Defendant's refusal to grant his request for physical therapy fail to state a claim of deliberate indifference and should, therefore, be dismissed.").

Even if the private physicians could be deemed to have acted with deliberate indifference, Hillie could not show that Williams was responsible for the violation so as to trigger liability. "Supervisory officials cannot be held liable under section 1983 … on any theory of vicarious or *respondeat superior* liability." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). "Rather, [p]laintiffs must show that the conduct of the supervisors denied [them their] constitutional rights." *Id*. Hillie appears to base his claim on Williams' refusal to send him to a new physician but has offered absolutely no evidence which would show that Williams acted with deliberate indifference by sending him to Bolivar County Hospital for treatment or that Williams even received a request to send Hillie to a new physician. Accordingly,

Williams is entitled to summary judgment on Hillie's claim for denial of medical treatment.

## VI
## Conclusion

For the reasons above, Hillie's motion for voluntary dismissal [49] is **DENIED** and Williams' motion for summary judgment [46] is **GRANTED**. Hillie's claim for inadequate medical treatment is **DISMISSED with prejudice**.

**SO ORDERED**, this 25th day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**